**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5632-17T2

F.L.,

     Plaintiff-Respondent,

v.

E-S.Y.,

     Defendant-Appellant.

_____

Submitted October 29, 2019 – Decided November 26, 2019

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2724-14.

E-S.Y., appellant pro se.

F.L., respondent pro se.

PER CURIAM

Defendant, the former husband, appeals from a June 22, 2018 order, which enforced a provision of the parties' judgment of divorce (JOD) by entering a

qualified domestic relations order (QDRO) and dividing the related costs. The order also denied defendant's motion to change venue. We affirm.

The parties were divorced on March 30, 2016, when the family court entered the JOD following a trial. Concerning the parties' pensions, the JOD stated:

> The Defendant's Fidelity 401K, his Optionhouse IRA, his Fidelity Salesforce.com account, and plaintiff's PNC 401K shall all be subject to Qualified Domestic Relation Orders. The benefits that accrued from the date of the marriage on May 7, 2005 through the filing of the Divorce Complaint on May 12, 2014 shall be divided equally between the parties. The Plaintiff shall be responsible for retaining an attorney and/or company to facilitate the preparation and execution of necessary documentation to effectuate same, with the parties equally sharing the cost of obtaining the QDROs.

Defendant appealed from the JOD, but we rejected all of his arguments and affirmed. F.L. v. E-S.Y., No. A-5115-15 (App. Div. Jan. 18, 2018) (slip op. at 6). Thereafter, plaintiff renewed a motion to enforce the JOD by entering a QDRO and to recover half the costs of obtaining the QDRO. Defendant opposed that motion and moved to change venue because both parties had moved out of Middlesex County since plaintiff filed for divorce.

On June 22, 2018, the family court entered an order (1) enforcing the JOD through entry of a corresponding QDRO; (2) requiring defendant to pay half the

costs of the fees for the QDRO and the attorney's fees incurred in obtaining the QDRO; and (3) denying defendant's request to transfer venue.

On this appeal, defendant makes six arguments. He contends that the family court erred in (1) ordering the distribution of premarital pension funds; (2) improperly determining the value of plaintiff's pension accounts; (3) refusing to enforce an August 24, 2015 discovery order; (4) requiring him to pay half the cost of obtaining the QDRO when plaintiff did not submit sufficient proofs of those costs; (5) denying his motion to change venue; and (6) granting plaintiff's motion to enter the QDRO when plaintiff did not prove that defendant had been served with that motion.

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Accordingly, we reject all of defendant's arguments on this appeal and affirm the June 22, 2018 order. We add a few brief comments.

The first three arguments raised by defendant are barred by the doctrine of res judicata. See Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606-07 (2015) (holding that application of res judicata is determined by "'(1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at

A-5632-17T2

trial are the same . . . ; and (4) whether the material facts alleged are the same'" (quoting Culver v. Ins. Co. of N. America, 115 N.J. 451, 461-62 (1989))). In those arguments, defendant seeks to raise issues concerning the JOD. As already noted, we affirmed the JOD on defendant's first appeal.

The family court reviewed plaintiff's motion and found that there was sufficient proof of the costs incurred to obtain the QDRO. Those costs were $850 in fees to the company that prepared the QDRO and $1610 in attorney's fees. Consequently, we discern no error or abuse of discretion in the court's decision to order defendant to pay half those costs.

Defendant does not dispute that Middlesex County was the proper county for venue when plaintiff filed her complaint for divorce. Plaintiff therefore moved to enforce the judgment in the county where the JOD was entered. We discern no abuse of discretion in the court's decision to deny a change of venue.

Finally, the family court considered, but rejected, defendant's arguments that plaintiff had not submitted proof of service of the motion to enforce the JOD and have the QDRO entered. In that regard, we note that defendant clearly received notice of the motion and a copy of the motion since he filed opposition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5632-17T2